# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**YOLANDA Y. EMMANUEL,**

    **Plaintiff,**

**v.**                                                                         **Case No: 6:16-cv-2165-Orl-41KRS**

**CHARTER BANK, NA, LLP**
**MORTGAGE LTD, MGC MORTGAGE,**
**INC. and ANY UNKNOWN PERSONS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S PETITION FOR DECLARATORY, INJUNCTIVE AND MANDAMUS RELIEF WITH PREJUDICE (Doc. No. 9)**
>
> **FILED:**       **January 10, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

*Pro Se* Plaintiff Yolanda Y. Emmanuel filed this action on November 16, 2016 in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Doc. No. 2. In her complaint, styled as a "Petition for Declaratory, Injunctive and Mandamus Relief," Ms. Emmanuel states that she seeks to "re-establish title in real property in Orange County, Florida." *Id.*, at 1.

She alleges that she is the fee simple owner of real property in Orange County, Florida located at 7043 Kensington High Boulevard, Orlando, Florida 32818 (the "Property"). *Id.* ¶ 6. In connection with her purchase of the Property, on or about December 26, 2007, Ms. Emmanuel executed and delivered a promissory note in favor of Defendant Charter Bank, NA d/b/a Beal Bank ("Charter Bank")[1] in the amount of $159,000. *Id.* ¶ 8. The note was recorded in Orange County. *Id.*

On or about December 15, 2008, Charter Bank filed a foreclosure action against Ms. Emmanuel in state court ("the Foreclosure Action"). *Id.* ¶ 10. In April 2013, that court entered a Final Judgment in favor of Charter Bank and Defendant LPP Mortgage Ltd. ("LPP").[2] *Id.* Ms. Emmanuel claims that neither Charter Bank nor LPP produced the original mortgage and note to the state court, but the court nevertheless "rubber stamped" Defendants' claims in the Foreclosure Action. *Id.* She alleges she had no knowledge that any party other than Charter Bank had an interest in the Property and that at no time did Charter Bank disclose an assignment of the interest in the Property to LPP or any other entity. *Id.* ¶ 11. She contends that LLP had no interest in the Property, provided no sworn declaration or document of interest, and was "an interloper" that took the Property from her without being the true owner. *Id.* ¶ 12. She further claims that Charter Bank waived all interest in the Property when it filed for bankruptcy because it was a defunct corporation that lacked power to operate in Florida and had not assigned or conveyed any right of interest in the Property to anyone at the time of the bankruptcy filing. *Id.* ¶ 13.

Ms. Emmanuel thus alleges that the state court violated her Fifth and Fourteenth Amendment rights by entering the Final Judgment and that it failed in its duty to be impartial, acting in haste to

---

[1] Defendant states that it has been incorrectly named and that the real defendant is Beal Bank. Doc. No. 9 at 1. However, Defendant refers to itself as "Charter Bank" in its motion, and for ease of reference to the allegations in the complaint, I will do the same.

[2] Plaintiff's complaint is silent as to whether she appealed the Final Judgment, but in their motion to dismiss, Defendants state that she did appeal the Final Judgment and the Fifth District Court of Appeal affirmed the Final Judgment. Doc. No. 9, at 6, 293-94.

remove the Foreclosure Action from its docket. *Id.* ¶ 14. She also alleges that the state court allowed LLP to substitute parties with no legal interest in the Property several times during the proceedings (*Id.* ¶ 15), allowed LLP and Charter Bank to offer perjured information and testimony to bolster their claims of legal right to the Property (*Id.* ¶ 16), and was complicit in allowing the Foreclosure Action to proceed even though Charter Bank and LLP had no standing (*Id.* ¶ 18). She contends that Charter Bank and LLP perpetrated a fraud upon the state court by providing false documents and that the court allowed those documents into evidence even though it was aware the documents were not the original Mortgage and Note. *Id.* ¶ 21.

Pursuant to 42 U.S.C. §§ 1981 and 1983, Ms. Emmanuel seeks an injunction to stop the sale of the Property, an award of $7,500.00 for the costs of litigating this action, and a judgment forever enjoining Charter Bank and LLP from taking any right, title, or interest in the Property. *Id.*, at 1, 4.

Defendants removed the case to this Court on December 16, 2016, invoking the Court's federal question jurisdiction. Doc. No. 1. In their motion to dismiss, they argue that the case should be dismissed because any challenge to their standing in the Foreclosure Action is barred by the *Rooker-Feldman* doctrine in addition to the doctrines of res judicata, estoppel by judgment, and collateral estoppel. Additionally, they argue that even if this Court has jurisdiction to consider a collateral attack on the state court judgment, the complaint is subject to dismissal because Plaintiff has failed to state a claim for which relief can be granted.

## II. ANALYSIS.

### A. *Plaintiff's Claim for Injunctive Relief to Prevent the Sale of Her Property is Barred by the Rooker-Feldman Doctrine.*

A district court has an independent duty to ensure that a case or controversy exists and that it has subject matter jurisdiction over the claims presented before ruling on the merits of a claim. *See Ins. Co. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The *Rooker–Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts over certain matters related to previous state court litigation. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). The doctrine "makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citation omitted). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (citing *Feldman*, 460 U.S. at 482 n.16). A federal district court therefore "lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citation omitted).

Two decades following *Feldman*, in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Supreme Court expressed concern that the lower courts had construed *Rooker* and *Feldman* "far beyond" their original contours, thereby "overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law . . . ." *Id.* at 283. The Court thus clarified that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. Accordingly, district courts are not precluded "from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* (internal quotation marks and citation omitted).

Thus, it is possible that, in the same case, a district court may have subject matter jurisdiction over some claims while others are barred by the *Rooker-Feldman* doctrine. For instance, in *Kohler v. Garlets*, 578 F. App'x 862 (11th Cir. 2014) (per curiam)[3], Plaintiff Charles Kohler filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that his due process and equal protection rights had been violated by the foreclosure of his property. *Id.* at 863. Kohler sued his mortgagor and the attorneys who represented the mortgagor during the foreclosure and related bankruptcy proceedings. *Id.* The district court dismissed Kohler's complaint, concluding that his claims were barred by the *Rooker-Feldman* doctrine and that he failed to state a cause of action under § 1983 because the defendants were not state actors. On appeal, the Eleventh Circuit affirmed the district court's dismissal of the action.

To the extent Kohler claimed he was injured by the state court's foreclosure order and sought "a determination as to the title and rights and interests" of the foreclosed-upon property, the Eleventh Circuit held that "the district court properly ruled that his claims were barred by the *Rooker–Feldman* doctrine, as these claims are inextricably intertwined with the state court's foreclosure judgment." *Id.* at 864 (citations omitted). However, construed liberally, the court found that

---

[3] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

Kohler's complaint could also be read to raise an independent damages claim against the mortgagor and the attorneys based on their alleged misconduct during the foreclosure proceedings. *Id.* The court explained that although the district court correctly dismissed the entire action, it erred in ruling that the damages claim was barred by the *Rooker-Feldman* doctrine "[b]ecause a challenge to the defendants' conduct in state court proceedings does not necessarily seek appellate review and reversal of the state court judgment." *Id.* The court concluded that the district court had subject matter jurisdiction over the damages claim, even though it was subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 865.

This case presents a scenario similar to *Kohler*, in that *Rooker-Feldman* applies to one, but not all, of Ms. Emmanuel's claims. Although her complaint is not entirely clear, she appears to assert causes of action under 42 U.S.C. §§ 1981 and 1983 for violation of her Fifth and Fourteenth Amendment rights. She seeks three kinds of relief: (1) an injunction to stop the sale of the foreclosed property, (2) damages in the amount of $7500 for the costs of litigating this action, and (3) a judgment permanently enjoining Defendants from exercising any right, title, or interest in the Property in the future. Doc. No. 2, at 4.

I recommend that the Court find that Ms. Emmanuel's claim for an injunction is barred by the *Rooker-Feldman* doctrine. She was the loser in the Foreclosure Action and her request for an injunction to prevent the foreclosure sale would necessarily require this Court to "review and reject" the state court judgment in the Foreclosure Action, which it may not do.[4] *See Harper v. Chase*

---

[4] For purposes of the *Exxon Mobil* analysis, it is irrelevant that Ms. Emmanuel did not initially file this case in federal court. "Although Plaintiff did not bring this suit in federal court, she is still the 'state-court loser' seeking to have a state court's decision overturned." *Restivo v. Bank of Am., N.A.*, No. 3:15-CV-72 (CAR), 2016 WL 498178, at *3 (M.D. Ga. Feb. 8, 2016). "When a case is removed to federal district court under original jurisdiction "the federal court takes it as [though] everything done in the state court had in fact been done in the federal court." *Ware v. FleetBoston Fin. Corp.*, 180 F. App'x 59, 63–64 (11th Cir. 2006) (per curiam). Therefore, it is appropriate to analyze her complaint as if it were originally filed in this Court. *Restivo*, 2016 WL 498178, at *3.

*Manhattan Bank*, 138 F. App'x 130, 133 (11th Cir. 2005) (per curiam) (plaintiff's request for injunction to restrain defendant from enforcing foreclosure judgment was barred by *Rooker-Feldman* doctrine); *Distant v. Bayview Loan Servicing, LLC*, No. 09-61460-CIV, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010) (where plaintiff alleged that defendant filed foreclosure action without a valid assignment of the note, his claims seeking invalidation of state court foreclosure judgment were barred by the *Rooker-Feldman* doctrine).

Because this Court lacks jurisdiction over the claim for injunctive relief, I recommend that the Court remand that claim to state court. *See* 28 U.S.C. § 1441(c) (if a removed case incudes both a claim arising under federal law and a claim "not within the original or supplemental jurisdiction of the district court," "the district court shall sever" the claim over which it does not have jurisdiction and "remand [that claim] to the State court from which the action was removed."); *Pullins v. Hagins*, No. 3:14-cv-226-J-32PDB, 2015 WL 1456198, at *7 (M.D. Fla. Mar. 23, 2015) ("In a case removed from state court, if the federal district court does not have jurisdiction over a claim because of *Rooker-Feldman*, it should remand it while deciding the remaining federal ones.") (citing *Berquist v. Mann Bracken, LLP*, 592 F.3d 816, 819-20 (7th Cir. 2010)).

   *B. Plaintiff's Remaining Claims Fail to State a Cause for Which Relief May be Granted.*

Unlike her claim for injunctive relief, Ms. Emmanuel's claims for damages incurred in litigating this case and a judgment enjoining defendants from exercising any right, title, or interest in the Property in the future do not necessarily depend upon a reversal of the state court judgment, and therefore are not barred by the *Rooker-Feldman* doctrine. *See Pullins*, 2015 WL 1456198, at *6 (noting that, although *Rooker-Feldman* barred plaintiff's claims seeking appellate review of the state court judgment, his "claims seeking damages for the defendants' allegedly unconstitutional behavior, a declaration that they had acted unconstitutionally, and an injunction prohibiting them

from violating his rights in the future," were not barred by *Rooker-Feldman* because he was "not inviting the Court to review and reject the state judgment itself."). However, although this Court can exercise jurisdiction over these claims, I recommend that the Court dismiss these claims under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

"To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). The pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a court must accept the well-pleaded allegations of a complaint as true, it is not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," the complaint fails to state a claim. *Twombly*, 550 U.S. at 570. Finally, the Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *See Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Ms. Emmanuel states in her complaint that her claims are brought pursuant to 42 U.S.C. §§ 1981 and 1983. Doc. No. 2, ¶ 3. "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." *Ferrill*

*v. Parker Grp., Inc.*, 168 F.3d 468, 472 (11th Cir. 1999) (citations omitted).   Section 1983 provides a federal cause of action against any person who, acting under the color of state law, deprives a person of a federal right.   A private actor is not subject to liability under § 1983 unless he conspires with a state actor.   *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).

Ms. Emmanuel has not alleged any facts that support a § 1981 claim because she has not alleged that she experienced race discrimination in connection with the making of a contract.   She also has not pleaded facts sufficient to state a § 1983 claim because she has not alleged the deprivation of any federal right by a state actor.   Charter Bank and LLP are both private actors. The fact that they obtained a judgment in state court does not render them state actors.   *See Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process.").

I do note that Ms. Emmanuel appears to allege a conspiracy whereby Charter Bank and LLP provided fraudulent documents to the state court and the court was complicit in allowing those documents into evidence even though it knew the documents were false.   Doc. No. 2, ¶¶ 17-18, 21. Private citizens can be held liable as state actors when they conspire with government officials to deprive people of their rights.[5]   *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) ("[T]o act under color of state law for § 1983 purposes does not require that the Defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents.").   However, to succeed on such a claim, "the plaintiff must plead in detail, through reference to material facts, the

---

[5] To the extent that Ms. Emmanuel intends to argue that the state court or the trial judge violated her rights during the Foreclosure Action, these claims cannot be asserted.   A trial judge is immune from civil liability for damages under § 1983 for acts performed in his judicial capacity.   *Couch v. Cobb Cty. Superior Court*, 874 F. Supp. 1378, 1381 (N.D. Ga. 1995).   The State of Florida has not waived its Eleventh Amendment immunity from suit in federal court.   *Badillo v. Thorpe*, 158 F. App'x 208, 211-12 (11th Cir. 2005).

relationship or nature of the conspiracy between the state actor(s) and the private persons." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). Ms. Emmanuel has alleged no such facts and therefore has not sufficiently pleaded her § 1983 claim.

Ordinarily, the Court should allow a *pro se* litigant one opportunity to file an amended complaint within a time established by the Court. In amending, Ms. Emmanuel must name as Defendants only those persons who are responsible for the alleged constitutional violations that, she contends, support her claim for damages. She must state what rights under the Constitution, laws, or treaties of the United States have been violated. She should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint. Finally, she must show specifically how she has been damaged (how she was harmed or injured by the actions and/or omissions of each defendant(s)).

Because Ms. Emmanuel is proceeding *pro se*, or without a lawyer, the Court wishes to inform her that the Orlando Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 12:30 p.m. in the first-floor Clerk's Office of the United States Courthouse, 401 W. Central Boulevard, Orlando, Florida 32801. Through the program, *pro se* litigants may consult with a lawyer on a limited basis for free. **Plaintiff should note that the Legal Information Program is not a replacement for retaining a lawyer, and the lawyers involved in the program will not undertake representation of anyone using the program.** Appointments are not required but are recommended. Ms. Emmanuel can make an appointment by calling (407) 835-4205 or visiting the Clerk's Office and asking to make an appointment at the check-in window. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/pro_se/docs/pro-seLegal_Assist.htm.  Ms. Emmanuel can also

access additional resources for *pro se* litigants on the Court's website at www.flmd.uscourts.gov by clicking on the box on the right side of the homepage entitled Proceeding Without a Lawyer.

### III. CONCLUSION.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **REMAND** to the state court Plaintiff's claim for an injunction to stop the sale of the Property;

2. **GRANT in part** Defendants' Motion to Dismiss (Doc. No. 9) as it pertains to the remainder of Plaintiff's complaint;

3. **DISMISS without prejudice** the remainder of Plaintiff's complaint; and,

4. **ALLOW** Plaintiff to serve an amended complaint within a time established by the Court.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 21, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy