UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YOLANDA Y. EMMANUEL,**

      **Plaintiff,**

v.                                                                    Case No:  6:16-cv-2165-Orl-41KRS

**CHARTER BANK, NA, LLP**
**MORTGAGE LTD, MGC MORTGAGE,**
**INC. and ANY UNKNOWN,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss (Doc. 9). Magistrate Judge Karla R. Spaulding submitted a Report and Recommendation ("R&R," Doc. 16), in which she recommends that the Motion to Dismiss be granted in part, that Plaintiff's claim seeking to enjoin the foreclosure sale be remanded, and that Plaintiff's remaining claims be dismissed without prejudice and with leave to amend. Defendants filed a Limited Objection (Doc. 17) to the R&R, in which they argue that all remaining requests for injunctive relief in the Complaint (Doc. 2) are also barred by the *Rooker-Feldman* doctrine and subject to dismissal.

After a *de novo* review, this Court agrees with the analysis in the R&R. Defendants argue that granting the requested injunctive relief of preventing them to take title to the subject property would be a violation of the *Rooker-Feldman* doctrine for the same reasons as granting an injunction for the sale of the property. However, Defendants' argument mischaracterizes the nature of the requested relief. The *Rooker-Feldman* doctrine applies where the plaintiff seeks to overturn the legal ruling of the state court, but it does not apply where the plaintiff does not seek an appeal of the legal holding, even if the requested relief would indirectly render the state court's ruling

without effect. Here, Plaintiff is not asking this Court to review and reject the state court's ruling. Rather, Plaintiff is seeking injunctive relief in lieu of or in addition to monetary damages for Defendants' alleged violations of her constitutional rights. While such relief is more than likely unavailable, assuming that Plaintiff could prove her entitlement to such relief, it would render the state court's ruling without legal effect. But the request does not directly attack the legal soundness or propriety of the state court's holding. Therefore, the claim is not barred by the *Rooker-Feldman* doctrine. *See Merice v. Wells Fargo Bank, N.A.*, No. 15-80614-CIV-MARRA, 2016 WL 1170838, at *3 (S.D. Fla. Mar. 25, 2016) ("The distinction appears to be that an award of monetary damages would not nullify or reverse the state-court judgment."). Accordingly, Defendants' objection is without merit.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 16) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Defendants' Motion to Dismiss (Doc. 9) is **GRANTED in part**.
3. Insofar as the Complaint (Doc. 2) seeks to enjoin the foreclosure sale of the subject property, this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2016-CA-9948. In all other respects, the Complaint is **DISMISSED without prejudice**.
4. **On or before June 26, 2017**, Plaintiff may file an Amended Complaint in accordance with this Order and the Report and Recommendation. Failure to timely file may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on June 12, 2017.



Copies furnished to:

Counsel of Record
Unrepresented Party
Clerk of the Court of the Ninth Judicial Circuit in and for Orange County, Florida