# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOLANDA Y. EMMANUEL,**

    **Plaintiff,**

v.                                            Case No:  **6:16-cv-2165-Orl-41KRS**

**CHARTER BANK, NA, LLP**
**MORTGAGE LTD, MGC MORTGAGE,**
**INC. and ANY UNKNOWN PERSONS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MANDAMUS RELIEF WITH PREJUDICE (Doc. No. 23)**
>
> **FILED:** **July 6, 2017**

## I.   BACKGROUND.

*Pro Se* Plaintiff Yolanda Y. Emmanuel filed this action on November 16, 2016 in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, alleging that violations of law occurred in a state foreclosure action regarding her real property (the "Property"). She named Charter Bank d/b/a Beal Bank, NA ("Charter")[1], LLP Mortgage Ltd. ("LLP") and MGC Mortgage,

---

[1] Defendants contend that Beal Bank is incorrectly named as Charter Bank. Doc. No. 1, at 1. Because the parties refer to Charter Bank in their papers, I use the same reference in this report and

Inc. ("MGC") and other unknown persons as Defendants. Doc. No. 2. Charter, LLP and MGC removed the case to this Court, invoking the Court's federal question jurisdiction on the basis of Ms. Emmanuel's assertion of federal jurisdiction under 42 U.S.C. §§ 1981 and 1983. Doc. 1, at 2, ¶ 4. Defendants subsequently moved to dismiss the original complaint. They argued that this Court did not have jurisdiction to consider a collateral attack on the state court foreclosure judgment and, even if it did, the complaint was subject to dismissal because Ms. Emmanuel failed to state claims on which relief could be granted.

On March 21, 2017, I issued a report and recommendation in which I recommended that the Court find that Ms. Emmanuel's claim for injunctive relief to prevent the sale of the Property was barred by the *Rooker-Feldman* doctrine and due to be remanded to state court. Doc. No. 16 at 6-7. I further recommended that the Court dismiss Ms. Emmanuel's claims seeking a judgment enjoining Defendants from taking title to the property and monetary damages for failure to state a claim, because she failed to allege sufficient facts to support her claims to the extent they arose under §§ 1981 and 1983. *Id.* at 8-10. The presiding District Judge adopted and confirmed the report and recommendation, remanded the case to the state court insofar as Ms. Emmanuel sought to enjoin the foreclosure sale of the Property, and dismissed her remaining claims without prejudice, granting her leave to file an amended complaint. Doc. No. 20 at 2.

Ms. Emmanuel filed an amended complaint against Charter, LLP and MGC on June 26, 2017. Doc. No. 21, at 1. A comparison of the original and amended complaints reveals that the factual allegations in both complaints are nearly identical. In the amended complaint, Ms. Emmanuel asserts the following claims: (1) a declaratory judgment claim, seeking a judicial determination that she owns the Property and that Defendants have no enforceable interest in the

---

recommendation.

Property (Count I); (2) a claim for fraud upon the court, alleging that Defendants perpetrated a fraud on the state court when (a) they filed false documents to commence the foreclosure proceeding; (b) the lender and its conspirators "utilized a bait and switch type of loan at closure upon the Plaintiff in violation of the Truth in Lending Disclosure Act . . . "; and, arguing that due to missing assignments, the note should be void because it is separated from the mortgage (Count II); (3) a claim to quiet title to the property solely in her name (Count III); and (4) a claim for injunctive relief (Count IV). Doc. No. 21.

Defendants again move to dismiss Ms. Emanuel's claims, attaching documents from the underlying state court litigation. Doc. Nos. 23, 24. Ms. Emmanuel has responded to the motion. Doc. No. 26. The motion has been referred to the undersigned for issuance of a report and recommendation.

## II. STANDARD OF REVIEW.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). The pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Although a court must accept the well-pleaded allegations of a complaint as true, it is not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P.

8(a)(2)). If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," the complaint fails to state a claim. *Twombly*, 550 U.S. at 570.

**III. ANALYSIS.**

*A. Federal Question Jurisdiction.*

The only bases for exercise of federal question jurisdiction alleged in the amended complaint are the references to the state court's violation of Ms. Emanuel's 5th and 14th Amendment rights, the allegations of jurisdiction under 42 U.S.C. §§ 1981 and 1983, and a passing reference to violation of the Truth in Lending Act.

1. Violation of Federal Constitutional Rights.

"Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 472 (11th Cir. 1999) (citations omitted). Ms. Emmanuel has not alleged any facts that support a § 1981 claim because she has not alleged that she experienced race discrimination in connection with the making of a contract.

Section 1983 provides a federal cause of action against any person who, acting under the color of state law, deprives a person of a federal right. Ms. Emmanuel also has not pleaded facts sufficient to state a § 1983 claim because she has not alleged the deprivation of any federal right by a state actor. Charter Bank, LLP and MGC Mortgage, Inc. are private actors. The fact that Defendants obtained a judgment in state court does not render them state actors. *See Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process.").

I do note that Ms. Emmanuel appears to allege a conspiracy in which Charter Bank and LLP, and perhaps MGC, provided fraudulent documents to the state court and that the court was complicit

in considering those documents even though it knew the documents were false. Private citizens can be held liable as state actors when they conspire with government officials to deprive people of their rights.[2] *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) ("[T]o act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents."). However, to succeed on such a claim, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992). Ms. Emmanuel has alleged no such facts and therefore has not sufficiently pleaded her § 1983 claim.

Therefore, Ms. Emmanuel's claims under §§ 1981 and 1983 are due to be dismissed for failure to state claims on which relief can be granted.

2. <u>Truth in Lending Act</u>.

To the extent that Ms. Emmanuel intended to allege a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), her claim appears to be based on allegations that the Defendants did not provide her disclosures showing the assignment of the note and mortgage on the Property. To the extent that she intended to assert that the non-disclosure provided her with a right to rescind the loan, that claim fails to the extent that the underlying transaction arose from a residential mortgage loan. "TILA and its implementing regulation, Regulation Z, 12 C.F.R. §§ 221, *et seq.*, expressly exempt residential mortgage loans from a right to rescission." *El v. Platinum Home Mtg. Servs., Inc.*, No. 1:10-CV-2066-CC-JFK, 2011 WL 13185748, at * 10 (N.D. Ga. April 1, 2011)(citing 15 U.S.C. §§ 1602(w), 1635(e)), *aff'd* 490 F. App'x 306 (11th Cir. 2012).

---

[2] To the extent that Ms. Emmanuel intends to argue that the state court or the trial judge violated her rights during the Foreclosure Action, these claims cannot be asserted. A trial judge is immune from civil liability for damages under § 1983 for acts performed in his judicial capacity, provided that the acts are not done in the clear absence of all jurisdiction. *Couch v. Cobb Cty. Superior Court*, 874 F. Supp. 1378, 1381 (N.D. Ga. 1995).

Even if a right to rescission existed under TILA, that right was barred by the statute of limitations long before Ms. Emmanuel filed her complaint in state court. When a lender never makes the required disclosures, the right of rescission expires three years after the date of the consummation of the transaction or the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f); *accord Brooks v. Am. Home Key*, 677 F. App'x 526, 528 (11th Cir. 2017)(unpublished opinion cited as persuasive authority), *petition of writ of certiorari pending*, No. 17-5038 (May 24, 2017). In the amended complaint, Ms. Emmanuel alleges that the purchase of the Property occurred "[o]n or about" December 26, 2007. Doc. No. 21 ¶ 10.[3] Therefore, Ms. Emmanuel had until December 2010, three years from the purchase date, to seek to rescind the loan. She did not file her complaint in state court until November 16, 2016. Doc. No. 1, at 2 ¶ 1. Thus, the allegations of the amended complaint affirmatively show that any TILA claim Ms. Emmanuel may have intended to assert is barred by the three-year statute of limitations.

Accordingly, the motion to dismiss the TILA claim, to the extent one is asserted, should be granted.

### 3. Declaratory Relief.

Ms. Emmanuel's claim for declaratory relief does not provide a basis for exercise of federal question jurisdiction in this case. Even if Ms. Emmanuel intended to bring that claim under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), that Act does not provide an independent basis for federal question jurisdiction. *See Wendy's Int'l, Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989). Before declaratory relief is available pursuant to the Act, an independent basis for federal jurisdiction must be established. *Id.* There is no such basis here.

---

[3] The documents filed in the state court action confirm that the purchase of the Property occurred on December 26, 2007. *See, e.g.,* Doc. No. 23-1, at 8.

Accordingly, I recommend that the Court find that the amended complaint fails to state any claims for relief arising under this Court's federal question jurisdiction on which relief could be granted.

    *B.    Supplemental Jurisdiction.*

The remaining claims in the amended complaint arise under Florida law. For a federal court to exercise supplemental jurisdiction over state law claims, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414 (11th Cir. 1984) (internal quotation marks and citation omitted). The exercise of supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). However, "[i]f the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son*, 735 F.2d at 428.

If the Court accepts the recommendation that the claims purportedly arising under federal law are due to be dismissed, then I further recommend that the Court decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3), and remand those claims to state court. *See, e.g., Turner v. Alabama*, No. 2:15-cv-507-WKW, 2015 WL 4605755, at * 1 (M.D. Ala. July 30, 2015).

**IV.    RECOMMENDATIONS**.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

    A)    **GRANT** the motion to dismiss the federal law claims for violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and TILA;

B) **DECLINE** to exercise supplemental jurisdiction over the claims for declaratory relief, fraud upon the court, quiet title and injunctive relief;

C) **REMAND** the claims for declaratory relief, fraud upon the court, quiet title and injunctive relief to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2016-CA-9948; and

D) **DIRECT** the Clerk of Court to close the filing following remand.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 31, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy